UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                        Plaintiff,

                  -against-

NYPD, *et al.*,

                        Defendants.

19-CV-9419 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated October 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "Denied me my leisurely house. Unfair treatment. Withholding information. Deny hospital treatment." (ECF 2 at 2.)[1] Plaintiff lists the places of occurrence as "Bronx, Brooklyn, NJ, New York," and the dates of occurrence as from 2016 to the present. (*Id.* at 5.) Plaintiff further asserts the following:

> I saw people coming to beat me with a chain link. These people in government want me to move away. I heard them say via vision "it better." I say why should I run? Why should I move? I did not commit no crime — and what about my baby boy?
>
> I believe a few of these people were on the Bowling Green platform about 2:10 p.m. on 10/9/19. A man comes on the Church Avenue platform wearing a t-shirt with inscription if you are lost call (323) 000-0000. A base area code with HRA digits. A truck on the street has these words written on it Georgia born and bred but NYC based.
>
> Viva dream projection HRA shows me one for trying to strip me of my divine inheritance and for trying to make me go insane. The government is doing it using people processing orders on a shift system. I did not sleep last night. Most times I have little sleep in the open air on trains. The government is using my ex "G" to do most of the acts.

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

(*Id.* at 5-6.) Plaintiff seeks declaratory and injunctive relief, and money damages. (*Id.* at 11-12.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Between September 16, 2019, and November 6, 2019, Plaintiff filed more than thirty cases in this Court. Because of Plaintiff's abuse of the privilege of proceeding IFP, the Court directed Plaintiff to submit a declaration showing cause why she should not be barred from proceeding IFP, unless she obtains leave of Court to do so. *See Frost v. City of New York (HRA)*, No. 1:19-CV-8795, 5 (CM) (S.D.N.Y. Oct. 23, 2019) (Order of Dismissal describing Plaintiff's litigation history).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court's warning that further vexatious or frivolous litigation in this Court will result in an order

3

under 28 U.S.C. § 1651 barring Plaintiff from filing new civil actions IFP unless she receives prior permission remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 12, 2019
        New York, New York

                                         COLLEEN McMAHON
                                    Chief United States District Judge